7107

STATE v. WILKES.

BURGLARY AND LARCENY.—Tracking steps from a house from which some flour was missing, near to the house of defendant, finding along this route a box in which the missing flour had been kept, defendant having no flour in the evening and coming in later in the night with flour in a sack, is some evidence of defendant's guilt of burglary and larceny.

Before KLUGH, J., Greenwood, June Term, 1908. Affirmed.

Indictment against Lee Wilkes for burglary and larceny. From sentence on verdict of guilty, defendant appeals.

*Mr. George T. Magill,* for appellant, cites: *When new trial should be granted:* 73 S. C., 345; 60 S. E. R., 669; 81 S. C., 24.

*Solicitor R. A. Cooper,* contra. Oral argument.

February 26, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Lee Wilkes, was convicted of burglary and larceny at the June term of the Court of General Session for Greenwood county, and sentenced to ten years' imprisonment. The defendant, at the close of the State's testimony, moved for the direction of a verdict of acquittal, on the ground that there was no testimony upon which the defendant could be convicted. The trial Judge refused this motion, and the defendant allowed the case to go to the jury without putting up any evidence. Defendant moved for a new trial, contending that there was no testimony to support the jury's finding; which motion also was refused by the Circuit Court.

The three exceptions taken to the overruling of these motions may be merged into one inquiry: Was there any evidence upon which the jury could have found a verdict of guilty?

The defendant was accused of stealing two sacks of flour from the house of one Robert McDowell in the night-time. McDowell testified to tracking steps the morning after the theft occurred from his home to within a few feet of defendant's house. Along this route, not far from McDowell's dwelling, was found the box in which he had left his flour. On that same morning, McDowell and two white men, T. D. Ramage and J. R. Pinson, searched Wilkes' house and found there some flour in a barrel. Mary Jane Anderson, who lived with Wilkes, testified that he was absent in the early part of the night on which the crime was committed, and that on his return he brought back flour in a sack; that she did his cooking, and that there was no flour in the house when he went out. Her testimony as to Wilkes' coming in with some flour that night was corroborated by Jack Lowden, colored, who was at the house when Wilkes came in. All this was certainly some evidence pointing to defendant's guilt.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.